O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Case No. 2:15-CV-05655 (VEB)

MARIA ISABEL VELASQUEZ,

Plaintiff,

DECISION AND ORDER

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

Defendant.

## I. INTRODUCTION

In October of 2008, Plaintiff Maria Isabel Velasquez applied for disability insurance benefits under the Social Security Act. The Commissioner of Social Security denied the application.

Plaintiff, by and through her attorneys, the Law Offices of Lawrence D. Rohlfing, Young Chul Co, Esq. of counsel, commenced this action seeking judicial

1   review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g)

2   and 1383 (c)(3).

3       The parties consented to the jurisdiction of a United States Magistrate Judge.

4   (Docket No. 14, 15, 24). On July 6, 2016, this case was referred to the undersigned

5   pursuant to General Order 05-07. (Docket No. 23).

6

7                          **II. BACKGROUND**

8       Plaintiff applied for benefits on October 30, 2008. (T at 117-27).[1]   The

9   application was denied initially and on reconsideration.  Plaintiff requested a hearing

10  before an Administrative Law Judge ("ALJ").

11      On June 14, 2010, a hearing was held before ALJ John D. Moreen. (T at 35).

12  Plaintiff appeared with her attorney and testified through an interpreter. (T at 38-60,

13  63-64).  The ALJ also received testimony from Jane Haile, a vocational expert (T at

14  61-63, 64-66).

15      On July 22, 2010, ALJ Moreen issued a written decision denying the

16  application for benefits.  (T at 15-32).  The Appeals Council denied Plaintiff's

17  request for review on October 27, 2011. (T at 3-11).

18

19  _____
    [1] Citations to ("T") refer to the administrative record at Docket No. 19.

20                               2

Plaintiff commenced an action for judicial review of the Commissioner's denial of benefits.  (T at 912-915).  On January 10, 2013, the Honorable Carla M. Woehrle, United States Magistrate Judge, issued a Decision and Order remanding the matter for further proceedings. (T at 916-930).

A second administrative hearing was held on January 22, 2014, before ALJ James Goodman.  Plaintiff appeared with her attorney.  The matter was discussed by the ALJ and Plaintiff's counsel, no testimony was taken, and the hearing was adjourned to facilitate consultative examinations of Plaintiff. (T at 871-83).

A third administrative hearing was held on August 12, 2014, before the same ALJ.  (T at 889).  Plaintiff appeared with her attorney and testified via an interpreter. (T at 895-910).

A fourth administrative hearing was held on March 5, 2015, before the same ALJ. (T at 884).  The ALJ denied Plaintiff's request for vocational expert testimony and no testimony was taken. (T at 887).

On March 27, 2015, ALJ Goodman issued a written decision denying the application for benefits. (T at 837-70).  ALJ Goodman's decision now constitutes the final decision of the Commissioner.

On July 26, 2015, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 1).

The Commissioner interposed an Answer on February 10, 2016. (Docket No. 18). The parties filed a Joint Stipulation on May 16, 2016. (Docket No. 22).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision must be reversed and this case remanded for further proceedings.

## III. DISCUSSION

### A.   Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

DECISION AND ORDER – VELASQUEZ v COLVIN 2:15-CV-05655-VEB

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual

1    functional capacity (RFC) is considered. If the claimant cannot perform past relevant

2    work, the fifth and final step in the process determines whether he or she is able to

3    perform other work in the national economy in view of his or her residual functional

4    capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v),

5    416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

6        The initial burden of proof rests upon the claimant to establish a *prima facie*

7    case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th

8    Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden

9    is met once the claimant establishes that a mental or physical impairment prevents

10   the performance of previous work. The burden then shifts, at step five, to the

11   Commissioner to show that (1) plaintiff can perform other substantial gainful

12   activity and (2)  a "significant number of jobs exist in the national economy" that the

13   claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

14   **B.    Standard of Review**

15       Congress has provided a limited scope of judicial review of a Commissioner's

16   decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision,

17   made through an ALJ, when the determination is not based on legal error and is

18   supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.

19   1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

20

DECISION AND ORDER – VELASQUEZ v COLVIN 2:15-CV-05655-VEB

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner]  may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence.  *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and

DECISION AND ORDER – VELASQUEZ v COLVIN 2:15-CV-05655-VEB

making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C.   Commissioner's Decision

ALJ Goodman determined that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2012 (the "date last insured") and had not engaged in substantial gainful activity between July 14, 2007, the alleged onset date, and the date last insured. (T at 847).  The ALJ found that Plaintiff's chronic kidney disease, pseudophakia[2], status post-treatment for diabetic retinopathy of both eyes, chronic migraine headaches, diabetic neuropathy, adhesive capsulitis/impingement syndrome of the shoulder, right carpal tunnel syndrome, anxiety disorder, and major depression were "severe" impairments under the Act. (Tr. 848).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 849).

---

[2] An eye in which the natural lens is replaced with an <u>intraocular</u> lens.

1    The ALJ determined that Plaintiff retained the residual functional capacity

2    ("RFC") to: lift/carry 20 pounds occasionally and 10 pounds frequently; stand/walk

3    for 2 hours and sit for 6 hours cumulatively in a 6-hour workday; occasionally

4    climb, bend, kneel, stoop, and crawl; occasionally reach about shoulder level with

5    her left and right upper extremity; read small print up to 12-point font without the

6    aid of magnification; avoid concentrated exposure to dust/fumes/smoke/aerosolized

7    chemicals; occasionally perform complex technical work; perform a range of simple,

8    2 and 3 step, routine work; have occasional contact with the general public; and

9    perform work at a stress level of 3 on a scale of 1-10. (T at 851).

10    The ALJ determined that Plaintiff could not perform her past relevant work as

11    a machine operator, assembler or inspector. (T at 859).  Considering Plaintiff's age

12    (49 years old on the date last insured), education (at least high school), work

13    experience, and residual functional capacity, the ALJ found that jobs exist in

14    significant numbers in the national economy that Plaintiff can perform. (T at 860-

15    61).

16    Accordingly, the ALJ determined that Plaintiff was not disabled within the

17    meaning of the Social Security Act between July 24, 2007 (the alleged onset date)

18    and September 30, 2012 (the date last insured) and was therefore not entitled to

19

20

DECISION AND ORDER – VELASQUEZ v COLVIN 2:15-CV-05655-VEB

benefits. (T at 861). As noted above, ALJ Goodman's decision is the Commissioner's final decision.

# IV. ANALYSIS

## A.    Manipulative Limitations

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, and/or the absence of regular medical treatment during the alleged period of disability, and/or the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

DECISION AND ORDER – VELASQUEZ v COLVIN 2:15-CV-05655-VEB

1      An ALJ satisfies the "substantial evidence" requirement by "setting out a

2 detailed and thorough summary of the facts and conflicting clinical evidence, stating

3 his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995,

4 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)).

5      Here, as noted above, the ALJ determined that Plaintiff retained the residual

6 functional capacity ("RFC") to: lift/carry 20 pounds occasionally and 10 pounds

7 frequently; stand/walk for 2 hours and sit for 6 hours cumulatively in a 6-hour

8 workday; occasionally climb, bend, kneel, stoop, and crawl; occasionally reach

9 above shoulder level with her left and right upper extremities; read small print up to

10 12-point font without the aid of magnification; avoid concentrated exposure to

11 dust/fumes/smoke/aerosolized chemicals; occasionally perform complex technical

12 work; perform a range of simple, 2 and 3 step, routine work; have occasional contact

13 with the general public; perform work at a stress level of 3 on a scale of 1-10. (T at

14 851).

15      The ALJ relied heavily on the assessment of Dr. Sarah Maze, a consultative

16 examiner, which essentially mirrors the ALJ's RFC determination. (T at 852, 3645-

17 49). However, Dr. Maze also assessed that Plaintiff was limited to occasional

18 reaching, handling, fingering, feeling, and pushing/pulling with her left hand. (T at

19 3648). Dr. Maze further opined that Plaintiff was limited to occasional overhead

20

DECISION AND ORDER – VELASQUEZ v COLVIN 2:15-CV-05655-VEB

reaching, handling, fingering, feeling, pushing/pulling with her left hand. (T at 3648).  Although the ALJ incorporated a limitation to occasional reaching above shoulder level with the left and right upper extremities (T at 851), the ALJ did not address the other manipulative limitations assessed by Dr. Maze.

The ALJ found that Dr. Maze's "opinion effectively assesse[d] [Plaintiff's] functional ability during the period at issue," (T at 852) and relied on Dr. Maze's opinion in formulating the RFC, but then failed to explain why the additional manipulative limitations assessed by Dr. Maze were not incorporated into the RFC. This gap undermines the ALJ's conclusion that Plaintiff could perform work as an order clerk and document preparer (T at 861), both of which require frequent reaching, handling, and fingering. DOT § 209.567-014, 249.587-018.

The Commissioner does not attempt to defend this aspect of the ALJ's decision, except to argue that any error was harmless because the ALJ also determined that Plaintiff retained the RFC to work as an election clerk, which does not require manipulative limitations beyond those identified by the ALJ.  However, the election clerk job does demand a "language level 2" skill, which requires passive vocabulary of 5000 to 6000 words, an ability to read at a rate of 190-215 words per minute, the ability to write compound and complex sentences using proper punctuation, adjectives, and adverbs; and the ability to speak clearly and distinctly

DECISION AND ORDER – VELASQUEZ v COLVIN 2:15-CV-05655-VEB

with appropriate pauses and emphasis, variations in word order, and the use of correct tenses. DOT, at 205.367-030.

The ALJ determined that Plaintiff was able to communicate in English. (T at 860).  However, Plaintiff is a non-native English speaker and, as outlined above, the election clerk job demands more extensive language skills.  As such, the ALJ's English language finding is problematic in at least three respects.

First, the ALJ did not provide a detailed assessment of Plaintiff's language abilities and, as such, it is not clear whether the ALJ considered the language demands of the election clerk job and whether the ALJ actually determined that Plaintiff had sufficient language skills to perform that job.

Second, the evidence cited by the ALJ in support of this aspect of the decision is sparse and does not constitute substantial evidence.  The ALJ noted that Plaintiff completed 12th grade (T at 860), but Plaintiff testified that her schooling was in Mexico. (T at 39).  The ALJ referenced a Disability Report, in which Plaintiff indicated that she could speak and understand English. (T at 860, 134).  However, the ALJ did not ask Plaintiff to elaborate on this response and the record contained numerous reasons to question the scope of Plaintiff's language skills.  For example, Plaintiff testified that she could only read, write, or speak "a little" English.  (T at 39).  She testified with the assistance of an interpreter and the medical records

DECISION AND ORDER – VELASQUEZ v COLVIN 2:15-CV-05655-VEB

consistently referred to Plaintiff as a person who spoke in Spanish. (T at 214, 221, 244, 319, 458, 557, 599, 649, 677, 704, 1324, 1552, 1861).   The ALJ did not adequately address these reasons for questioning the scope of Plaintiff's English language skills.

Third, the ALJ relied on the fact that Plaintiff completed a written test to obtain US citizenship, which requires a certain level of English fluency. (T at 860, citing 8 CFR § 312.1).  Although the successful completion of a citizenship test is some evidence of English fluency, it does not constitute substantial evidence to support of finding of fluency or, as it relates to this case, to a finding that Plaintiff has the language skills to meet the demands of the election clerk position. *See Voong v. Astrue*, 641 F. Supp.2d 996, 1009-1010 (E.D. Cal. 2009)(finding that, while "plaintiff passed the citizenship test and obtained a driver's license [this] did not mean that she could speak and read English, even at language level 1," as defined in the DOT); *Altamirano v. Colvin*, No. ED 2013 U.S. Dist. LEXIS 103891, at *14-15 (C.D. Cal. July 24, 2013).

In sum, the ALJ erred by failing to address or incorporate the manipulative limitations assessed by Dr. Maze.  This error precludes a decision affirming the ALJ's conclusion that Plaintiff could perform two of the jobs identified by the ALJ at step five of the sequential analysis (order clerk and document preparer).  The sole

remaining job (election clerk) requires language skills that may be beyond Plaintiff's abilities.  Although the ALJ found that Plaintiff could communicate in English, this finding lacks specificity and supporting evidence sufficient to sustain the conclusion that Plaintiff can perform the occupation of election clerk.  As such, this Court finds that a remand is required.

This Court notes that Plaintiff also argues that the ALJ erred by refusing to subpoena the vocational expert for live testimony.  However, the ALJ appears to have followed the applicable procedures by preparing numerous, detailed interrogatories to the vocational expert and affording Plaintiff's counsel the opportunity to review the questions and responses, submit additional evidence, and provide cross-interrogatories. (T at 843, 844, 1078-80, 1156-64, 1165-74, 1175-81, 1189-1200, 1201-07, 1201-14).

Moreover, the question of whether to allow cross-examination of the vocational expert is generally left to the discretion of the ALJ. *See Jackson v. Colvin*, 2014 U.S. Dist. LEXIS 102860, at *8-9 (E.D. Cal. July 26, 2014).  As such, this Court would not be inclined to grant a remand on this issue alone.  However, given that the matter is being remanded for the reasons outlined above and considering the complexity of the vocational issues present, the ALJ should, on

DECISION AND ORDER – VELASQUEZ v COLVIN 2:15-CV-05655-VEB

remand, carefully consider whether in-person testimony from a vocational expert is warranted.

**B.     Remand**

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Here, this Court finds that remand for further proceedings is warranted.  The ALJ needs to address whether the manipulative limitations assessed by Dr. Maze should be incorporated into the RFC and, if not, explain why.  If Plaintiff is indeed limited as Dr. Maze found, then the ALJ will need to determine whether there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  This analysis, in turn, will likely require a more careful and through assessment of Plaintiff's language skills.  Although the ALJ's decision cannot be sustained, it is not clear from the record that Plaintiff is disabled and, as such, a remand for further proceedings is the appropriate remedy.

DECISION AND ORDER – VELASQUEZ v COLVIN 2:15-CV-05655-VEB

**V. ORDERS**

IT IS THEREFORE ORDERED that:

Judgment be entered REVERSING the Commissioner's decision and REMANDING the matter for further proceedings consistent with this Decision and Order, and it is further ORDERED that

The Clerk of the Court file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case without prejudice to a timely application for attorneys' fees and costs.

DATED this 23rd day of August, 2016

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – VELASQUEZ v COLVIN 2:15-CV-05655-VEB